UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

------------------------------------------------------------x
ST. PAUL FIRE & MARINE INSURANCE
COMPANY and NORTHERN ASSURANCE
COMPANY OF AMERICA,

                Plaintiffs,                  **COMPLAINT**

                                          Case No.

vs.

TGMD, INC., BAY SHIPBUILDING CO.,
FINCANTIERI MARINE GROUP LLC and
FINCANTIERI MARINE GROUP LLC
d/b/a BAY SHIPBUILDING CO.,

                Defendants.
------------------------------------------------------------x

      Plaintiffs, by their attorneys, Rohde Dales LLP, allege upon information and belief as follows:

## JURISDICTION

1.      This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction over all non-maritime claims pursuant to 28 U.S.C. § 1332 as those claims form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

2.      At and during the times hereinafter mentioned, Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul") was and now is a marine insurance underwriter organized and existing under and by virtue of the laws of the State of Minnesota, with an office and principal place of business at 385 Washington Street, Saint Paul, Minnesota.

3. At and during the times hereinafter mentioned, Plaintiff Northern Assurance Company of American ("Northern Assurance") was and now is a marine insurance underwriter organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts, with an office and principal place of business at One Beacon Lane, Canton, Massachusetts.

4. Pursuant to a policy of marine hull and machinery insurance, Plaintiffs are the duly subrogated co-insurers of non-party Washington Island Ferry Line Inc., owner of the M.V. ARNI J. RICHTER and Plaintiffs bring this action on their own behalves and as agents and/or trustees on behalf of and for the interest of all parties who may be or become interested in the said vessel as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

5. At and during the times hereinafter mentioned, Defendant TGMD, Inc. (hereinafter "TGMD") was and now is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Wisconsin, with an office and place of business at 211 North Third Avenue, P.O. Box 290, Sturgeon Bay, Wisconsin and was and now is engaged in business as a naval architect and/or marine vessel designer and/or watercraft designer and TGMD designed the M.V. ARNI J. RICHTER, a passenger vessel.

6. At and during the times hereinafter mentioned, Defendant Bay Shipbuilding Co. (hereinafter "Bay Shipbuilding") was and now is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Wisconsin, with an office and place of business at 605 North Third Avenue, Sturgeon Bay, Wisconsin and was and now is engaged in business as a shipbuilder and/or manufacturer of marine vessels and manufactured, designed and/or built the M.V. ARNI J. RICHTER, a passenger vessel.

7. At and during the times hereinafter mentioned, Defendants Fincantieri Marine Group LLC and Fincantieri Marine Group LLC d/b/a Bay Shipbuilding Co. were and now are corporations or other business entities organized and existing under and by virtue of the laws of the State of Nevada, with an office and place of business at 3301 S. Packerland Avenue, De Pere, Wisconsin and were and now are engaged in business as shipbuilders and/or manufacturers of marine vessels and manufactured, designed and/or built the M.V. ARNI J. RICHTER, a passenger vessel.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

8. Pursuant to a contract or other agreement(s), in or before May 2003, the Defendants designed, manufactured, built and launched the M.V. ARNI J. RICHTER, Hull No. 752, a passenger and vehicle ferry owned by Plaintiffs' subrogor, Washington Island Ferry Line Inc.

9. In breach of said contracts or agreement(s), Defendants improperly designed, manufactured, built and/or launched the M.V. ARNI J. SPECTOR, thereby necessitating subsequent drydocking and/or repairs.

10. Said subsequent repairs were also performed by the Defendants pursuant to a contract or other agreement(s).

11. That in breach of said repair contracts or agreement(s), Defendants improperly repaired the ARNI J. SPECTOR, thereby necessitating yet further and additional repairs.

12. By reason of the foregoing, and pursuant to the marine policy of hull and machinery insurance issued by Plaintiffs, Washington Island Ferry Line Inc. made claim under

3

the said policy, pursuant to which Plaintiffs were compelled to pay the sum of Two Hundred Six Thousand Six Hundred Eighty Seven Dollars and Nine Cents ($206,687.09).

13. By reason of the premises, Plaintiffs have been damaged in the sum of Two Hundred Six Thousand Six Hundred Eighty Seven Dollars and Nine Cents ($206,687.09).

### AS AND FOR A SECOND CAUSE OF ACTION
### (NEGLIGENCE)

14. Plaintiffs repeat and reiterate and reallege each and every allegation set forth in paragraphs "1" through "12" hereof, inclusive, as though the same were set forth herein in full and at length.

15. In or before May 2003, the Defendants designed, manufactured, built and launched the M.V. ARNI J. RICHTER, Hull No. 752, a passenger and vehicle ferry owned by Plaintiff's subrogor, Washington Island Ferry Line Inc.

16. Defendants improperly and negligently designed, manufactured, built and/or launched the M.V. ARNI J. SPECTOR, thereby necessitating subsequent drydocking and/or repairs.

17. Said subsequent repairs were also negligently and improperly performed by the Defendants.

18. That as a direct and foreseeable consequence of said improper and negligent repairs, further and additional repairs were necessitated.

19. By reason of the foregoing, and pursuant to the marine policy of hull and machinery insurance issued by Plaintiffs, Washington Island Ferry Line Inc. made claim under the said policy, pursuant to which Plaintiffs were compelled to pay the sum of Two Hundred Six Thousand Six Hundred Eighty Seven Dollars and Nine Cents ($206,687.09), in respect of the

negligent and improper design, manufacture, building and repair of the M.V. ARNI J. SPECTOR.

20. By reason of the premises, Plaintiffs have been damaged in the sum of Two Hundred Six Thousand Six Hundred Eighty Seven Dollars and Nine Cents ($206,687.09).

### AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE)

21. Plaintiffs repeat and reiterate and reallege each and every allegation set forth in paragraphs "1" through "19" hereof, inclusive, as though the same were set forth herein in full and at length.

22. Pursuant to a contract or other agreement(s), in or before May 2003, the Defendants designed, manufactured, built and launched the M.V. ARNI J. RICHTER, Hull NO. 752, a passenger and vehicle ferry owned by Plaintiff's subrogor, Washington Island Ferry Line Inc.

23. In breach of said contracts or agreement(s), Defendants improperly and negligently designed, manufactured, built and/or launched the M.V. ARNI J. SPECTOR, thereby necessitating subsequent drydocking and/or repairs.

24. Said subsequent repairs were also performed by the Defendants pursuant to a contract or other agreement(s).

25. That in breach of said repair contracts or agreement(s), Defendants improperly and negligently repaired the ARNI J. SPECTOR, thereby necessitating yet further and additional repairs.

5

26. Implicit in the design, manufacturing and repair contracts/agreements was the Defendants' warranty of workmanlike performance, owed to the Plaintiffs' subrogor. Defendants breached those warranties.

27. By reason of the foregoing, and pursuant to the marine policy of hull and machinery insurance issued by Plaintiffs, Washington Island Ferry Line Inc. made claim under the said policy, pursuant to which Plaintiffs were compelled to pay the sum of Two Hundred Six Thousand Six Hundred Eighty Seven Dollars and Nine Cents ($206,687.09).

28. By reason of the premises, Plaintiffs have been damaged in the sum of Two Hundred Six Thousand Six Hundred Eighty Seven Dollars and Nine Cents. ($206,687.09).

**WHEREFORE,** Plaintiffs pray:

(a) That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

(b) That if Defendants cannot be found within this District, then all their property within this District be attached in the sum of USD $206,687.09, with interest thereon and costs, the sum sued for in this Complaint;

(c) That Judgment may be entered in favor of Plaintiffs against Defendants for the amount of Plaintiffs' damages together with interest and costs and the disbursements of this action;

(d) That this Court will grant Plaintiffs such other and further relief as may be just and proper.

Dated:  Sheboygan, Wisconsin
     August 30, 2012

           ROHDE DALES LLP
           Attorneys for Plaintiffs

          By: s/ Anthony J. Resimius
           Anthony J. Resimius, State Bar No. 1037195
           607 North Eighth Street
           Sheboygan, Wisconsin 53081
           (920) 458-5501

X:\Public Word Files\1\585\LEGAL\COMPLAINT.sa.doc

7

Case 1:12-cv-00885-WCG Filed 08/30/12 Page 7 of 7 Document 1